IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JONATHAN B. RUNNELS and | § | Case No. 06-50022 |
| LAURA BETH RUNNELS, | § | (Chapter 7) |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| CITIFINANCIAL AUTO CREDIT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 06-5004 |
| | § | |
| JONATHAN B. RUNNELS and | § | |
| LAURA BETH RUNNELS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

CitiFinancial Auto Credit, Inc. ("CitiFinancial") initiated this adversary proceeding against Jonathan and Laura Runnels (collectively, the "Debtors") by filing a Complaint on May 12, 2006. In its Complaint, CitiFinancial requests a judgment that its claim against Jonathan and Laura Runnels (collectively, the "Debtors") is non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(2)(B). The Debtors, who are represented by counsel, answered the Complaint and denied the allegations supporting CitiFinancial's claim on June 6, 2006.[1]

---

[1] After the Debtors responded to the Complaint, CitiFinancial filed two amended complaints in which it added factual allegations and legal conclusions in support of its claim. CitiFinancial did not request or receive this Court's authority to amend its original Complaint. *See* FED. R. CIV. P. 15(a); FED. R. BANKR. P. 7015. The Court, therefore, refers to CitiFinancial's original Complaint and the Debtors' answer to the original Complaint in this Memorandum Opinion.

On December 15, 2006, CitiFinancial served interrogatories, requests for admissions, and requests for production on the Debtors. The Debtors, however, failed to timely respond to CitiFinancial's discovery requests. Based on the Debtors' deemed admissions, CitiFinancial filed a Motion for Summary Judgment (the "Summary Judgment Motion") in which it requests a judgment of nondischargeability in the amount $19,114.13 as well as an award of its attorneys' fees in the amount of $4,595.00. Approximately seven months after CitiFinancial filed the Summary Judgment Motion, the Debtors filed a response and a request to withdraw their deemed admissions.

The Court conducted a hearing on the Debtors' request to withdraw their deemed admissions on November 8, 2007. At the conclusion of the hearing, the Court orally granted the Debtors' motion, and the Court subsequently entered an order allowing the withdrawal of the deemed admissions and extending the discovery deadlines. This Memorandum Opinion embodies the Court's findings of fact and conclusions of law with respect to the pending Motion for Summary Judgment and more fully sets forth the Court's findings and conclusions with respect to the Debtors' request to withdraw their deemed admissions. *See* FED. R. BANKR. P. 7052.

**I. Uncontested Facts**

On or about January 7, 2006, the Debtors executed a Retail Installment Contract (the "Contract") to purchase a 2005 GMC Yukon (the "Vehicle") for approximately $26,200.54 from Classic Motors of Texarkana, Inc. ("Classic Motors"). The Debtors financed the purchase by making a down payment of $3,000.00 and trading in another vehicle for $17,000. The Debtors, however, owed $29,947.26 on their trade-in, and the

2

negative balance of $11,947.26 was added to the purchase price of the Vehicle, leaving a total balance of $35,155.50 to be financed.

To obtain financing for the purchase of the Vehicle, the Debtors completed and signed a document entitled "Customer's Statement." In the Customer's Statement, Mr. Runnels disclosed that he was a mechanic earning an annual salary of $43,717. Mrs. Runnels disclosed that she was unemployed and receiving monthly child support payments in the amount of $550.00.

The Contract was subsequently assigned to CitiFinancial. CitiFinancial noted its lien on the Texas Certificate of Title for the Vehicle on January 7, 2006. The Contract required the Debtors to make monthly payments of $796.97 beginning on February 21, 2006 and continuing for six years or 72 months.

The Debtors never made a payment on the Contract. On March 6, 2006, less than 60 days after the Debtors purchased the Vehicle, the Debtors filed for bankruptcy. In their Schedule I, the Debtors stated that Mr. Runnels' monthly income was $3,049.00 or $36,588.00 annually as of the petition date. In their Statement of Intention, the Debtors disclosed their intention to surrender the Vehicle.[2]

CitiFinancial filed a motion seeking relief from the automatic stay on March 28, 2006. The Debtors did not oppose the motion, and the Court entered an order granting CitiFinancial relief from the automatic stay on April 17, 2006. CitiFinancial sold the Vehicle on June 15, 2006.

---

[2] Section 521(a)(2) of the Bankruptcy Code sets forth a debtor's obligation to file a Statement of Intention with respect to secured property and to perform that stated intention within 30 days after the first date set for the meeting of creditors under § 341. *See* 11 U.S.C. §521(a)(2). Section 362(h) provides that, if the debtor fails to perform timely the §521(a)(2) obligations, then the automatic stay under §362(a) "is terminated with respect to personal property of the estate or the debtor securing in whole or in part a claim, or subject to an unexpired lease...." 11 U.S.C. §362(h). Section 362(k) limits a debtor's remedy to actual damages. If a creditor acts with the mistaken but good faith belief that the automatic stay has terminated under § 362(h). *See* 11 U.S.C. §362(k).

CitiFinancial served its First Set of Interrogatories, Request for Admissions, and Request for Production on the Debtors on December 15, 2006. The Debtors failed to respond to the Request for Admissions by January 17, 2007 (*i.e.,* 33 days after service of the requests). Instead, the Debtors responded on or about January 30, 2007.

On March 9, 2007, CitiFinancial filed a Summary Judgment Motion seeking a judgment of nondischargeability for the deficiency balance of $19,114.63 plus its attorneys' fees. The Summary Judgment Motion is based, in part, on the Debtors' deemed admissions. The Debtors filed a "Response to Motion for Summary Judgment and Request to Withdraw any Admissions Deemed Admitted" on October 7, 2007. The Debtors' response does not contain any explanation for the delay in responding to the Summary Judgment Motion or request an extension of time for filing their opposition.

## II. Analysis

Motions for summary judgment are authorized by Rule 56 of the Federal Rules of Civil Procedure, as adopted and applied to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The entry of a summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but must demonstrate the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citing FED. R. CIV. P. 56(e)).

4

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. Here, since an objecting creditor has the burden of proof in an action seeking to deny the dischargeability of a debt, CitiFinancial must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991). Thus, if the Debtors fail to set forth specific facts that present a triable issue, their claims should not survive summary judgment. *Celotex*, 477 U.S. 317, 322-23; *Giles v. General Elec. Co.,* 245 F.3d 474, 494 (5th Cir. 2001).

### A. Deadline for Responding to Summary Judgment Motions

Local Bankruptcy Rule 7056(b) requires the party opposing a summary judgment motion to file its opposition within 30 days of the filing of the motion. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure allows the Court to enlarge this deadline under certain circumstances. As it relates to this case, the Court "for cause shown may at any time in its discretion … on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(2).

Here, the Debtors failed to file a request for an enlargement of time to respond to CitiFinancial's Summary Judgment Motion. Their response contains no explanation for

5

their seven-month delay and attaches no affidavits or other evidence that would controvert the evidence submitted by CitiFinancial with its Summary Judgment Motion. To the extent the Debtors' response could be construed as a request for an enlargement of time, under the circumstances of this case, the request must be denied.

### B. Standard for Withdrawal of Deemed Admissions

Rule 36(a) of the Federal Rules of Civil Procedure provides that "if a request for admission remains unanswered, with no objection lodged, for more than thirty days after service of the request, it is deemed admitted." *Eber v. Harris County Hosp. Dist.,* 130 F.Supp.2d 847, 853 (S.D. Tex. 2001). Any matter admitted under Rule 36(a) is conclusively established. FED. R. CIV. P. 36(b). Deemed admissions may serve as the basis for summary judgment. *See Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 549 (5th Cir. 1985) (affirming the district court's summary judgment finding where the plaintiffs failed to respond to a request for admissions, and thus, the district court deemed admitted an essential fact thereby negating a genuine issue of material fact); *In re Liberty Trust Co.,* 903 F.2d 1053, 1056 (5th Cir. 1990) (holding "the bankruptcy court acted properly when it granted [an] unopposed motion for summary judgment, particularly so in light of the deemed admissions"); *Western Horizontal Drilling v. Jonnet Energy Corp.,* 11 F.3d 65, 70 (5th Cir. 1994) (affirming the district court's summary judgment finding of alter ego based on a deemed admission).

The Fifth Circuit "has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001). The court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the

admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." FED. R. CIV. P. 36(b). However, even when the party seeking to withdraw or amend admissions establishes the two-factor test set forth under Rule 36(b), "a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Id.* (citing *United States v. Kasuboski,* 834 F.2d 1345, 1350 n. 7 (7th Cir. 1987) ("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2nd Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.")).

"Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). *See also, e.g., FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994); *In re Guardian Trust Company,* 260 B.R. 404, 411 (S.D. Miss. 2000). The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient prejudice. *See, e.g., FDIC v. Prusia*, 18 F.3d at 640 (citing *Davis v. Noufal,* 142 F.R.D. 258, 259 (D. D.C. 1992)). Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice. *Id*. (citing *Davis,* 142 F.R.D. at 259).

Here, the Debtors failed to timely respond to CitiFinancial's discovery requests. They then waited more than eight months to seek to withdraw their deemed admissions

7

under Rule 36 and more than six months after CitiFinancial filed the Summary Judgment Motion to respond. The Debtors finally responded to CitiFinancial's requests for interrogatories and production requests more than ten months late, on November 5, 2007.[3] In their request to withdraw their deemed admissions, the Debtors suggest that this Court should "consider additional time for discovery or other remedies for the Plaintiff."

The Court is concerned by the Debtors' failure to act promptly and timely respond to a variety of matters in this case. *See Covarrubias v. Five Unknown INS/Border Patrol Agents,* 192 Fed.Appx. 247 (5th Cir. 2006) (upholding denial of motion t withdraw deemed admissions where plaintiffs failed to act with diligence). It appears to the Court, however, that the primary effect of granting the Debtors' request to withdraw deemed admissions in this case would not be the creation of a sudden need to obtain evidence, but simply would require trial of a portion of CitiFinancial's nondischargeability claim. It is a "basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997). CitiFinancial has been aware that the Debtors contested certain elements of their nondischargeability claim (as discussed more fully below) since at least the time they filed their answer to CitiFinancial's adversary complaint. Moreover, CitiFinancial received the Debtors' responses to their request for admissions prior to filing the Summary Judgment Motion. Under these circumstances, and in light of the Court's decision to extend the discovery deadlines, the Court finds that CitiFinancial will

---

[3] The record reflects that, as of November 5, 2007, CitiFinancial had not moved to compel a response to its discovery requests or requested that the Court sanction the Debtors for their failure to respond to its interrogatories and requests for production. *See* FED. R. CIV. P. 37; FED. R. BANKR. P. 7037.

8

not be prejudiced by the withdrawal of the Debtors' deemed admissions, and that the presentation of the merits of this case would be served by allowing withdrawal.

### C. 11 U.S.C. §523(a)(2)(B): False Written Statements

CitiFinancial seeks a judgment of nondischargeability based on the Debtors' allegedly false representations in the Customer's Statement. Section 523(a)(2)(B) of the Bankruptcy Code provides that:

> a discharge under §727 . . . of this title does not discharge an individual debtor from any debt for money, property, or services, . . . to the extent obtained by use of a statement in writing: (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property services or credit reasonably relied; and (iv) that the debtor caused or made to be published with the intent to deceive.

11 U.S.C. §523(a)(2)(B). A statement is materially false for purposes of §523(a)(2)(B) if it paints a substantially untruthful picture of financial conditions by misrepresenting information of the type that would normally affect the decision to grant credit. *See, e.g., Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85 (6th Cir. 1993) (debtor signed financial statements regarding his net worth that were not true in connection with the purchase of a plane); *In re Bailey*, 145 B.R. 919 (Bankr. N.D. Ill. 1992) (personal financial statements given by debtor in connection with loans were materially false, for dischargeability purposes, where they substantially overstated debtor's net worth, and failed to mention mechanic's lien claim).

Here, CitiFinancial's summary judgment evidence establishes that the Customer's Statement was in writing, was signed by the Debtors, related to the Debtors' financial condition, was submitted for the purpose of obtaining financing for the purchase of the Vehicle, and was actually relied upon by CitiFinancial. The Debtors have wholly failed

9

to provide any summary judgment proof that would create a fact issue as to CitiFinancial's evidence on these issues. *See* FED.R.CIV.P. 56(e); *Celotex*, 477 U.S. at 331.[4] However, CitiFinancial has not established that its reliance on the Customer's Statement was reasonable by, for example, presenting evidence that "the relevant practice in the industry was to rely solely on the documentation presented by the applicant." *Young v. National Union Fire Ins. Co. of Pittsburgh, Pa. (In re Young)*, 995 F.2d 547, 549 (5th Cir. 1993). Accordingly, the Court will grant CitiFinancial's request for summary judgment with respect to the second element and a portion of the third element of CitiFinancial's §523(a)(2)(B) claim, leaving the issues of whether the Debtors representations were materially false, whether the Debtors acted with the intent to deceive for trial, whether CitiFinancial reasonably relied on the Customer's Statement, and, if CitiFinancial prevails, whether CitiFinancial may be awarded its reasonable attorneys' fees for trial.

### III. Conclusion

Based upon the Court's consideration of the pleadings as well as the proper summary judgment evidence submitted by CitiFinancial, the Court concludes that there is no genuine issue of material fact for which a trial is necessary as to the second and third elements of CitiFinancial's claim for a judgment of nondischargeability under §523(a)(2)(B) of the Bankruptcy Code – specifically, there is no dispute that the Customer's Statement was in writing, was signed by the Debtors, related to the Debtors' financial condition, was submitted to Classic Motors for the purpose of obtaining financing for the purchase of the Vehicle, and was actually relied upon by CitiFinancial

---

[4] The Debtors' response to CitiFinancial's Complaint was unverified. An unverified pleading does not constitute proper summary judgment evidence. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994); *see also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

within the meaning of §523(a)(2)(B). However, in light of the Court's allowance of the withdrawal of the Debtors' deemed admissions, CitiFinancial failed to provide this Court with sufficient evidence for the Court to determine whether the Debtors' representations in the Customer's Statement were materially false, whether the Debtors acted with the intent to deceive, or whether CitiFinancial justifiably relied on the Debtors' representations. Accordingly, it is

**ORDERED** that, to the extent the Debtors seek an extension of time to respond to CitiFinancial's Summary Judgment Motion, the Debtors' request shall be, and is hereby, **DENIED**; and it is further

**ORDERED** that CitiFinancial's Summary Judgment Motion shall be, and is hereby, **GRANTED IN PART** with respect to CitiFinancial's request for a judgment finding that the Customer's Statement was in writing, was signed by the Debtors, related to the Debtors' financial condition, was submitted for the purpose of obtaining financing for the purchase of the Vehicle, and was actually relied upon by CitiFinancial within the meaning of §523(a)(2)(B); and it is further

**ORDERED** that, except as granted herein, the Summary Judgment Motion shall be, and is hereby, **DENIED**.

Signed on 11/20/2007

_Brenda T. Rhoades_    SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE